STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DOMINIC SAPIENZA, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 3, 1985—Decided June 24, 1985.

Before Judges McELROY, DREIER and SHEBELL.

*Mark Paul Cronin,* Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General, attorney; *Mark Paul Cronin,* on the brief).

*Donald F. Manno,* argued the cause for respondent.

The opinion of the court was delivered by

SHEBELL, J.A.D.

Defendant Dominic M. Sapienza was charged in a two count State grand jury indictment handed down on March 20, 1984 with third degree terroristic threats (*N.J.S.A.* 2C:12–3a) and third degree witness tampering (*N.J.S.A.* 2C:28–5). A trial date of October 22, 1984 was set but was changed to October 23rd at the State's request. On October 19, 1984 the parties appeared before the trial court to air a defense contention that the State's commencing of related State grand jury proceedings on October 22nd would affect the pending trial. The judge returned the trial date to October 22nd and denied defense motions to quash grand jury subpoenas and to dismiss the indictment. He, however, ordered the State not to proceed before the grand jury until the trial was concluded or a plenary hearing held. He also denied the State's motion for a stay.

It was disclosed to the court on October 22, 1984 that the State violated its order as a potential witness in the upcoming trial had testified before the State grand jury that morning. The judge ordered the State to obtain a transcript of the witness' testimony. The next day however the State obtained an order from the Honorable Samuel D. Lenox, Jr., A.J.S.C., who presides over the State grand jury, permitting inspection *in camera* of the grand jury testimony by the trial judge but also providing that:

> ... [A]fter said inspection this transcript of the testimony be sealed to be opened only on further order of the court; and that [the j]udge ... refrain from disclosing the contents of said testimony without further order of the court.

On October 24, 1984 the trial judge held a hearing to determine the effect of the State's actions and dismissed the Sapienza indictment. The State appeals the dismissal of the indictment. We reverse.

Prior to trial the State suspected that there may have been attempts to tamper with witnesses in the case. The State proceeded to investigate and issued State grand jury subpoenas to several persons who were scheduled to be witnesses at the trial. Defendant sought judicial relief on the grounds that the

State was misusing the grand jury for pretrial discovery purposes and creating a "chilling effect" on the testimony of potential defense witnesses. The initial relief granted by the trial court was to protect the status quo and prevent any such trial interference. It was violated to the extent that a Deputy Attorney General, who was allegedly unfamiliar with the order, called one witness before the grand jury. Whether this witness was solely a State's witness or may possibly have been a defense witness is open to question.

Following the hearing to determine the effect of the State's investigation and the grand jury proceedings the court stated:

> ... I agree with the Attorney General, there has been no—I think the word used was "hard evidence" that there was in fact a chilling effect. I would have to agree with that.

The court went on to state however:

> ... But, that is not the test. What it really gives is the State an opportunity to get to these witnesses without the benefit of the rules, protection of the court, or an adversary present, and I don't think it is fair, not in this context with this timing.

The judge asserted he was dismissing the indictment on two grounds: first, that he was denied control of the case because of Judge Lenox's order in that he could no longer grant such relief as might be required, and second, that there was a misuse of the Grand Jury because "[t]here has been no showing whatsoever that there was any need to call these people before that Grand Jury on the day of trial, or literally on the eve of trial, no showing whatsoever." However, the trial judge determined that there was no evidence of a "chilling effect" or intimidation of witnesses by the State's action. This finding is amply supported by the record and there is no reason to disturb it. *See State v. Johnson,* 42 *N.J.* 146, 162 (1964).

Both the United States Supreme Court and this State's Supreme Court have recognized the strong public interest in the secrecy of grand jury proceedings. *United States v. Procter & Gamble Co.,* 356 *U.S.* 677, 681–83, 2 *L.Ed.*2d 1077, 1081–82, 78

S.Ct. 983, 986–87 (1958); *State v. Doliner*, 96 *N.J.* 236, 246–47 (1984). This policy prevents the escape of those whose indictment may be contemplated, insures the utmost freedom to the grand jury in its deliberations and prevents persons subject to indictment or those acting on their behalf from importuning the grand jurors, and prevents subornation of perjury or tampering with the witnesses who may appear before the grand jury and later appear at the trial of those indicted by it. This policy also encourages free and untrammeled disclosure of information with respect to the commission of crimes and protects innocent accuseds who are exonerated from disclosure of the fact that they have been under investigation and from the expense of standing trial where there was no probability of guilt. 96 *N.J.* at 247. These reasons for maintaining secrecy must be weighed against any demonstrated need for discovery by the defendant. *State v. CPS Chemical Co., Inc.*, 198 *N.J.Super.* 236, 243–45 (App.Div.1985).

■ At this juncture of the case based upon the record before us including our consideration of the State grand jury transcript we find no basis for permitting defendant to discover the witness' grand jury testimony. The court was concerned that as trial judge he might find himself handling a trial where he did not have the proper tools or means for providing justice to the parties. While we have found that at this stage of the proceedings there has not been an adequate showing of need for disclosure of the grand jury testimony, the trial judge has also had the benefit of reviewing that transcript and he will be able to perceive any change in circumstances as the case progresses. We see no reason why, if there is such a change upon remand or during the course of trial, application cannot be made to Judge Lenox by the concerned party, with recommendations from the trial judge, for turnover of all or a portion of the grand jury testimony. When our State Supreme Court denied the State's motion for leave to appeal in *State v. CPS*, its order provided that application might be made to Judge Lenox who presided over the grand jury pursuant to *N.J.S.A.*

2A:73A–6 "for further relief including reference of the matter back to the trial judge who originally heard the underlying application." In light of the availability of such a procedure we see no reason for the trial judge to feel he is without recourse if there is a need for reconsideration of the initial protective order.

■ The public interest in the prosecution of properly found indictments is ill served by the imposition of the "extreme sanction of dismissal" in this case. *State v. Laganella,* 144 *N.J.Super.* 268, 282–83 (App.Div.1976), app. dism. 74 *N.J.* 256 (1976). While we recognize that "a trial court must dismiss an indictment if prosecution would violate the defendant's constitutional rights," *State v. Abbati,* 99 *N.J.* 418, 425 (1985), and courts have employed their inherent powers to dismiss indictments in many circumstances, *id.* at 427, we conclude that dismissal of the indictment in this case was improper. As the court noted in *Laganella:*

> ... Before a dismissal of an indictment is warranted ... [where the prosecution has not improperly concealed or suppressed evidence], we believe there must be a finding of intention inconsistent with fair play and therefore inconsistent with due process, or an egregious carelessness or prosecutorial excess tantamount to suppression. In the absence of these conditions, the right of the public to its day in court in the prosecution of properly found indictments should be forfeited only if otherwise there would be manifest and harmful prejudice to defendant. [144 *N.J.Super.* at 282–83]

The *Laganella* standard has been consistently followed by our courts. *See, e.g., State v. Lynch,* 79 *N.J.* 327, 334–35 (1979); *State v. Washington,* 165 *N.J.Super.* 149, 156–58 (App.Div. 1979); *cf. State v. Sugar,* 84 *N.J.* 1, 11–15 (1980).

We have considered the trial court's statement that the State's action was not fair in that it gave the State the opportunity to get to the witnesses "without the benefit of the rules, protection of the court, or an adversary present." The one witness who appeared before the State grand jury was subsequently available to the court and defense counsel at the hearing on the effect of the State's actions upon him and other witnesses. There is no evidence of any unfair advantage to the

State by its having had the ability to question the witness before the grand jury. Defendant has suffered no prejudice either through the State's grand jury examination of that witness or its initiation of the investigation and grand jury proceedings.

We reverse the order of dismissal of the indictment and remand to the trial court for further proceedings.